COWEN, Circuit Judge,
dissenting.
I respectfully dissent with respect to the majority’s affirmance of the award of attorney’s fees, because the District Court did not consider the relationship between the amount of fees awarded and the limited success achieved. In Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court held that “[wjhere a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney’s fee reduced.... But where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.” Id. at 440, 103 S.Ct. 1933. The Hensley Court cautioned that “[w]hen an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.” Id. at 437,103 S.Ct. 1933.
David Eichenlaub, the only successful plaintiff in this case, prevailed on only one of numerous claims. The District Court’s findings that “the tasks performed were necessary and the attorneys’ fees and costs were reasonable for the effort expended” and that “the work on the dismissed claims was useful to the entire case” do not answer the question of whether the fee awarded was reasonable in light of the limited success achieved. In my view, a remand is appropriate so that the District Court may consider whether the amount of fees is reasonable in relation to the results obtained. See id. at 440, 103 S.Ct. 1933 (vacating judgment and remanding so that the district court could determine whether the amount of fees was reasonable in relation to the results obtained). Indeed, in light of the limited success achieved, the fee award based on more than 3000 hours of claimed time may have been excessive. See id. at 436, 103 S.Ct. 1933. (“[H]ad respondents prevailed on only one of their six general claims, ... a fee award based on the claimed [2,557] hours clearly would have been excessive.”).